## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MELVIN YOBANI RODRIGUEZ ESCALANTE | * | |
| 836 Bonifant Street | * | |
| Silver Spring, Maryland 20910 | * | |
| | * | |
| And | * | |
| | * | |
| JOSE GODO FREDO | * | |
| 836 Bonifant Street | * | |
| Silver Spring, Maryland 20910 | * | |
| | * | |
| PLAINTIFFS[1] | * | |
| | * | |
| v. | * | Case No.: |
| | * | |
| CHAROEN, INC. | * | |
| d/b/a ABSOLUTE THAI RESTAURANT | * | |
| 521 G Street, NW | * | |
| Washington, DC 20001 | * | |
| | * | |
| Serve:  Yodchai Horcharoen | * | |
| 521 G Street, NW | * | |
| Washington, DC 20001 | * | |
| | * | |
| And | * | |
| | * | |
| YODCHAI HORCHAROEN | * | |
| 521 G Street, NW | * | |
| Washington, DC 20001 | * | |
| | * | |
| DEFENDANTS. | * | |

*************************************************************************

## COMPLAINT

Plaintiff Melvin Yobani Rodriguez Escalante ("Escalante") and Jose Godo Fredo

("Fredo")  (together, "Plaintiffs"), by and through undersigned counsel, hereby submit

their Complaint against Defendants Charoen, Inc. d/b/a Absolute Thai Restaurant

("Absolute Thai") and Yodchai Horcharoen ("Horcharoen") (together, "Defendants")  to

recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29

---

[1] To avoid retaliation, Plaintiffs have listed the address of their counsel.

U.S.C. §§ 201 *et seq*. ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992,

D.C. Code §§ 32-1001 *et seq*. ("DCMWA") and for other damages as set forth below.

## PARTIES AND JURISDICTION

1.    Plaintiffs are adult residents of the District of Columbia.  By participating

as named plaintiffs in this action, Plaintiffs hereby consent to participate in an action

under the FLSA and DCMWA.

2.    Plaintiffs have filed this action against both of their "employers" while

they performed work duties at Defendants' Absolute Thai Restaurant located in

Washington, D.C.

3.    The FLSA and DCMWA define "employer" to include "any person acting

directly or indirectly in the interest of an employer in relation to an employee." *See Del

Villar v. Flynn Architectural Finishes,* 664 F.Supp.2d 94, 96 (D.D.C.2009) (Because the

DCMWA and FLSA contain nearly identical provisions with respect to employers'

liability, the DCMWA is to be construed consistently with the FLSA).

4.    Absolute Thai is a corporation formed under the laws of the District of

Columbia with its principal place of business in the District of Columbia.

5.    At all times during Plaintiffs' employment period, Horcharoen was the

primary owner and managing officer of Absolute Thai.

6.    At all times during the period of Plaintiffs' employment, Horcharoen had

the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

7.    At all times during the period of Plaintiffs' employment, Horcharoen

supervised Plaintiffs' work duties to ensure Plaintiffs' work was of sufficient quality.

8.    At all times during the period of Plaintiffs' employment, Horcharoen set

and controlled Plaintiffs' work schedule.

9.      At all times during the period of Plaintiffs' employment, Horcharoen set and determined Plaintiffs' rate and method of pay.

10.     On information and belief, at all times during the period of Plaintiffs' employment, Horcharoen maintained what few employment records exist relating to Plaintiff or caused such records to be maintained.

11.     At all times during the period of Plaintiffs' employment, Horcharoen controlled and was in charge of the day-to-day operations of Defendants' Absolute Thai Restaurant.

12.     At all times during Plaintiffs' employment, Defendants served food products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

13.     On information and belief, each year during Plaintiffs' employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

14.     At all times during Plaintiffs' employment, Plaintiffs and at least two other individuals employed by Defendants, while engaged in their employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce thus Plaintiffs was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15.     Pursuant to the foregoing, at all times, both Defendants were Plaintiffs' "employers" for purposes of the FLSA and the DCMWA.

16.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

17.     Plaintiffs were employed by Defendants as food preparers at Defendants' Absolute Thai Restaurant in Washington, D.C. for the following approximate time periods:

Fredo:          January 2011 – October 2015;

Escalante:      May 2013 – October 2015.

18.     While in Defendants' employ, Plaintiffs' exact hours worked varied slightly from week to week.

19.     While in Defendants' employ, Plaintiffs typically and customarily worked at or about seventy-two (72) hours per week.

20.     Defendants paid Plaintiffs as salaried employees.

21.     Plaintiffs' most recent salary calculated to at or about $1,500.00 per month.

22.     The FLSA and DCMWA require employers to keep accurate employment records reflecting the hours employees work and the rate and method at employees are paid. *See* 29 U.S.C. § 211(c); D.C. Code 32–1008(b).

23.     If an employer fails to keep accurate employment records, an employee with an FLSA or DCMWA claim may satisfy his burden by proving that he has in fact performed work for which he was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88 (1946)).

24.     In such a situation where the employer has failed to keep accurate employment records, the burden shifts to the employer to show the exact amount of work performed by plaintiffs or to negate the reasonableness of the inference derived from plaintiffs' evidence. *Anderson,* 328 U.S. at 687–688.

25.     If an employer fails to produce evidence to rebut the employee, the Court may award damages, even if the award is only approximate. *Anderson,* 328 U.S. at 687–688.

27.     On information and belief, during the course of Plaintiffs' employment with Defendants, Defendants failed to keep or maintain accurate records recording the number of hours Plaintiffs worked each week and the rate at which Plaintiffs were compensated.

28.     Plaintiffs do not have in their possession documents reflecting the exact number of hours Plaintiffs worked each week, but it is Plaintiffs' reasonable estimation and belief, based on first hand knowledge, that at all times during Plaintiffs' employment, Plaintiffs typically and consistently worked all hours as set forth above.

29.     At all times during Plaintiffs' employment, Defendants had knowledge that Plaintiffs typically and consistently worked all hours set forth above and that Defendants suffered or permitted Plaintiffs to work all hours herein alleged.

30. During Plaintiffs' employment, Defendants paid Plaintiffs a flat weekly salary in the approximate amount as set forth above.

31. The maximum-hours provision of the FLSA requires employers to pay any employee who is covered by the Act "not less than one and one-half times the *regular rate* at which he is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1) (emphasis supplied).

32. According to Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment[,] the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]." *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424-25 (1945).

33. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Hunter v. Sprint Corp.,* 453 F.Supp.2d 44, 58 (D.D.C. 2006).

34.     At no time during the period of Plaintiffs' employment did Plaintiffs and Defendants reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiffs' salary was intended to compensate Plaintiffs at a regular non-overtime rate of pay for hours worked each week less than forty (40) and at a different overtime rate of one-and-one-half (1½) times Plaintiffs' rate of pay for hours worked each week in excess of forty (40).

35.     At no time during the period of Plaintiffs' employment did Defendants ever, in addition to Plaintiffs' flat salary, pay extra wages to Plaintiffs for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiffs' regular rate of pay.

36.     In legal truth, Defendants paid Plaintiffs their flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiffs no wages at all for hours worked each week in excess of forty (40).

37.     Defendants should have paid Plaintiffs at the rate of the higher of one-and-one-half (1½) times Plaintiffs' regular rate of pay or one-and-one half (1½) times the applicable minimum wage rate for all hours worked each week in excess of forty (40).

38.     At no time during Plaintiffs' employment did Plaintiffs perform work duties that would make Plaintiffs exempt from the overtime requirement of the FLSA or DCMWA.

39.     Throughout the period of Plaintiff's employment, Defendants intentionally misinformed Plaintiffs that they were not entitled to overtime wages for hours worked each week in excess of forty (40).

40.     Throughout the period of Plaintiffs' employment, Defendants did not post in a prominent place at Plaintiffs' work place any notification to Plaintiffs as to their rights to required  wages under Federal and District of Columbia law or Plaintiffs' right to enforce or prosecute a claim for unpaid wages due under Federal and District of Columbia law.

41.     In consideration of the foregoing, equitable tolling should apply to Plaintiffs' Federal and District of Columbia wage claims such that Plaintiffs may recover in this action unpaid overtime wages for the entire period of their employment.

42.     Without legal excuse or justification, Defendants failed and refused to pay Plaintiffs wages for their final week of employment in the amount of at or about $350.00 per Plaintiff.

43.     Defendants owe Plaintiff Escalante unpaid wages (exclusive of statutorily prescribed liquidated damages and attorney's fees and costs) in the approximate amount of $66,935.60 calculated as follows:

Monthly Wage: $1,500.00 per month;

Yearly Wages: $18,000.00 ($1,500.00 * 12 months = $18,000.00);

Weekly Wages: $346.15 ($18,000.00 / 52 weeks per year = $346.15);

Regular Hourly Rate: $8.65 ($346.15 per week / 40 hours per week = $8.65);

D.C. Min Wage May 2013 – June 30, 2014:  $8.25 per hour (Period 1 – 60 Wks);

D.C. Min Wages July 1, 2014 – June 30, 2015:  $9.50 per hour (Period 2 – 52 Wks);

D.C. Min Wage July 1, 2015 – October 2015:  $10.50 per hour (Period 3 – 28 Wks);

Wages Owed for Period 1:  $24,921.60 ($8.65 * 1.5 = $12.98 per OT Hr * 32 OT Hrs/Wk = $415.36 per week * 60 wks = $24,921.60);

Wages Owed for Period 2:  $25,480.00 (($9.50/hr - $8.65/hr = $0.85 owed per non-OT hr * 40 non-OT hrs/week = $34.00 per week) + ($9.50/hr * 1.5 = $14.25 per OT Hr * 32 OT Hrs/Wk = $456.00 OT per week) = $490.00 wages owed per week * 52 weeks = $25,480.00);

Wages Owed for Period 3:  $16,534.00 (($10.50/hr - $8.65/hr = $1.85 owed per non-OT hr * 40 non-OT hrs/week = $74.00 per week) + ($10.50/hr * 1.5 = $15.75 per OT Hr * 32 OT Hrs/Wk = $504.00 OT per week) = $578.00 wages owed per week * 28 weeks = $16,184.00 + final week wages ($350.00) = $16,534.00);

Total Approximate Unpaid Wages:  $66,935.60 ($24,921.60 + $25,480.00 + $16,534.00 = $66,935.60)

43.    Defendants owe Plaintiff Fredo unpaid wages (exclusive of statutorily prescribed liquidated damages and attorney's fees and costs) in the approximate amount of $117,194.20 calculated as follows:

Monthly Wage:  $1,500.00 per month;

Yearly Wages:  $18,000.00 ($1,500.00 * 12 months = $18,000.00);

Weekly Wages:  $346.15 ($18,000.00 / 52 weeks per year = $346.15);

Regular Hourly Rate:  $8.65 ($346.15 per week / 40 hours per week = $8.65);

D.C. Min Wage January 2011 – June 30, 2014:  $8.25 per hour (Period 1 – 181Wks);

D.C. Min Wages July 1, 2014 – June 30, 2015:  $9.50 per hour (Period 2 – 52 Wks);

D.C. Min Wage July 1, 2015 – October 2015:  $10.50 per hour (Period 3 – 28 Wks);

Wages Owed for Period 1:  $24,921.60 ($8.65 * 1.5 = $12.98 per OT Hr * 32 OT Hrs/Wk = $415.36 per week * 181 wks = $75,180.16);

Wages Owed for Period 2:  $25,480.00 (($9.50/hr - $8.65/hr = $0.85 owed per non-OT hr * 40 non-OT hrs/week = $34.00 per week) + ($9.50/hr * 1.5 = $14.25 per OT Hr * 32 OT Hrs/Wk = $456.00 OT per week) = $490.00 wages owed per week * 52 weeks = $25,480.00);

Wages Owed for Period 3:  $16,534.00 (($10.50/hr - $8.65/hr = $1.85 owed per non-OT hr * 40 non-OT hrs/week = $74.00 per week) + ($10.50/hr * 1.5 = $15.75 per OT Hr * 32 OT Hrs/Wk = $504.00 OT per week) = $578.00 wages owed per week * 28 weeks = $16,184.00 + final week wages ($350.00) = $16,534.00);

Total Approximate Unpaid Wages:  $117,194.20 ($75,180.16 + $25,480.00 + $16,534.00 = $117,194.20)

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

45.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

46.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

47.     At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and both of the Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

48.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate for all hours worked per week in excess of forty (40).

49.     As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours each week.

50.     As set forth above, Defendants failed to pay Plaintiffs any wages for all overtime hours worked each week in excess of forty (40).

51.     Defendants' failure to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an

equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT II**
**Violation of D.C. Minimum Wage Act Revision Act of 1992**

52.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

53.     Plaintiffs were Defendants' "employees," and both of the Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

54.     Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiffs for non-overtime hours worked per week at an hourly rate not less than the District of Columbia Minimum Wage and at the overtime rate of the higher of one-and-one-half (1½) times Plaintiffs' regular rate of pay or one-and-one-half (1½) times the District of Columbia Minimum Wage for all hours worked per week in excess of forty (40).

55.     As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours each week.

56.     As set forth above, Defendants failed to compensate Plaintiffs for all non-overtime hours worked at an hourly rate at least equal to the District of Columbia Minimum Wage and failed wholly to pay Plaintiffs any wages for all overtime hours worked each week in excess of forty (40).

57.     Defendants' failure to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II, for all unpaid wages in such amounts as are proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment Act

58.     Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

59.     Plaintiffs were "employees" and both Defendants were Plaintiffs' "employers" within the meaning of the DCWPA.

60.     Under the DCWPA, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

61.     "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

62.     Plaintiffs performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiffs all wages earned and required by private contract and/or agreement and by Federal and District of Columbia law.

63.     Defendants owe Plaintiffs wages for work duties performed as set forth above.

64.     Defendants' failure to pay Plaintiffs wages as set forth above constitutes a violation of Plaintiffs' right to receive wages as guaranteed by the DCWPA.

65.     Defendants' failure to pay Plaintiffs all wages earned, owed, and required by law as required by the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages as provided by statute ((4x) quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*